**Calvin M. PETTY and Calvin M. Petty Builder, Inc., Appellants,**

v.

**Mary A. Holt FERGUSON, Appellee.**

**No. 18271.**

Court of Civil Appeals of Texas, Fort Worth.

June 12, 1980.

Rehearing Denied July 17, 1980.

Robert J. Wilson, Burleson, for appellants.

Gould, Harper, McKinney & Pitts, and William F. McKinney, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a deceptive trade practice case tried without a jury. Mary A. Holt bought

a new home and claimed defects and deficiencies in its structure. She sued Calvin M. Petty and Calvin M. Petty Builder, Inc. and obtained a joint and several judgment against them for treble damages, attorney's fees, and costs. The defendants claimed they did not receive the statutory notice and that it was error to render a joint and several judgment against them.

We affirm.

Plaintiff, Mary A. Holt, purchased a new home in April of 1977. Calvin M. Petty individually signed a written sales contract for the sale of the property to Mary A. Holt. The sale was handled through a realtor and no corporation was ever mentioned. At the closing of the sale, the deed conveying the property to Mary Alice Holt was signed Calvin M. Petty Builder, Inc., by Calvin M. Petty, President. In January of 1978, Mary A. Holt married Ron Ferguson.

The Fergusons found various deficiencies in the construction of the house after the sale including leaky plumbing, improperly hung doors and cabinets, trim coming loose, and a defective chimney. The Fergusons called Petty and advised him of the deficiencies; therefore he sent various subcontractors to the house to repair the deficiencies, some of which were corrected. On several occasions the subcontractors failed to arouse Mrs. Ferguson at her home since she worked nights. Neither Petty nor any of the subcontractors attempted to make appointments to do the repair work. Eleven months passed and nothing more was done after repeated calls to Petty. She then employed an attorney who wrote Petty three letters demanding that he correct the deficiencies. In one letter the attorney enclosed a repair estimate and an offer to settle for $325.00. Each letter was written and mailed more than 30 days before the suit was filed. Mrs. Ferguson testified that she bought the house from Petty individually and that the "for sale" sign in the yard carried his name. She did not know that he transacted any business in a corporate name. She and her husband testified that Petty was the builder. Petty testified that he as an individual built this home, that he

owned it, and that he sold it to Mrs. Ferguson. Later he testified that the house was owned by the corporation. He testified that the deficiencies claimed should have been corrected and that he had agreed to correct the deficiencies.

Petty further testified that he owned all the stock in the corporation; he was the only salaried employee; and he was the only one authorized to conduct its business. The corporation has been "discontinued". The judgment was rendered jointly and severally, against the defendants, for treble damages in the amount of $450.00, plus attorney's fees and costs.

The trial court filed findings of fact and conclusions of law. All the findings of fact and conclusions of law necessary to sustain the judgment were found by the court.

The court found:

"6. Plaintiff made formal written demand on Defendants to correct the problems more than thirty (30) days before filing suit as required by Sec. 17.50 V.T.C.S.A. [Tex.Bus. & Comm.Code Ann. sec. 17.50A (Supp.1980)]."

"10. Defendant, Calvin M. Petty, failed to distinguish between property belonging to the corporation and property belonging to Calvin M. Petty as an individual in this transaction."

No direct attack was made on any finding of fact or conclusion of law.

■ Each finding of the court is susceptible to challenge on two grounds: legal sufficiency ("no evidence" or "as a matter of law") and factual sufficiency ("insufficient evidence" or "great weight of the evidence"). Any unchallenged finding of fact which will support the judgment will preclude a reversal of the case. For a collection of authorities, see *Appealing a Nonjury Case*, the Houston Lawyer, February-March, 1975.

■ The defendants assert that the court erred in rendering judgment against Calvin M. Petty individually and in rendering a joint and several judgment against the defendants. The defendants claim the

pleadings do not support the judgment. Plaintiff sued both defendants setting out a joint cause of action against them. The defendant Petty answered that he was "in no way involved in these transactions and should be dismissed from this case". The pleadings were sufficient to sustain the judgment. In addition thereto the case was tried on the theory that Petty was the alter ego of the corporation or in any event an undisclosed principal. No objection was made to the case being tried on these theories. Even if the pleadings were not specific, defendants cannot now complain because the case was tried by consent as permitted under the provisions of Tex.R.Civ.P. 67. This contention is overruled.

Petty contends that he is not individually liable because all of the acts were that of the corporation. The rules concerning this contention are well stated in 14 Tex.Jur.2d *Corporations* sec. 12 "When fiction disregarded" and sec. 13 "Alter ego doctrine" (1960). The fiction of corporate entity is overcome when the corporate and individual transactions have not been separate and distinct. In addition thereto, sec. 13 states:

> "Thus, a stockholder who is practically sole owner of a corporation and treats it as his alter ego may, under the law of agency, be held individually responsible for all corporate transactions."

See also *Sargent v. Highlite Broadcasting Co.,* 466 S.W.2d 866 (Tex.Civ.App.—Austin 1971, no writ); *Sidran v. Tanenbaum,* 391 S.W.2d 93 (Tex.Civ.App.—Dallas 1965, no writ); and *First Nat. Bank in Canyon v. Gamble,* 132 S.W.2d 100 (Tex.Com.App. 1939, opinion adopted).

The evidence is sufficient to sustain the court's finding that Petty so handled his own personal affairs and that of the corporation that they were intermingled and there is no distinction between the property belonging to each. These points are overruled.

The defendants claim the court erred in finding a violation of the Texas Deceptive Trade Practices Act because plaintiff gave no notice prior to the filing of suit. As stated above, plaintiff gave the defendants three written notices prior to the filing of the suit. She also included in one of the notices a repair estimate and also made an offer of settlement. Defendants admitted receiving these written notices more than thirty days before suit was filed. These notices complied with the terms and conditions of the Texas Deceptive Trade Practices Act, sec. 17.50A then in effect. The Act was amended to become effective August 27, 1979, after this case was tried. The new Act makes additional requirements which are not applicable to the case before us. This point is overruled.

Each point has been severally considered and each is overruled.

We affirm.