**MOORE BROTHERS LUMBER COMPANY and Gilbert J. Moore, Jr., Appellants,**

v.

**Gordon M. TOOMBS and Wife, Laverna D. Toombs, Appellees.**

No. 8856.

Court of Civil Appeals of Texas, Texarkana.

March 17, 1981.

Rehearing Denied April 14, 1981.

Stephen R. Patterson, Nichols, Merriman, Patterson & Allison, Longview, for appellants.

Jason R. Searcy, Abney & Baldwin, Marshall, for appellees.

HUTCHINSON, Justice.

Appellees, Gordon M. Toombs and wife, Laverna D. Toombs, brought this suit against appellants, Moore Brothers Lumber Company and Gilbert J. Moore, Jr., for damages based upon alleged misrepresentations and breach of warranty under the Deceptive Trade Practices-Consumer Protection Act, § 17.41 et seq., Tex.Bus. & Comm.Code Ann., and upon alleged negligence in the construction of their home. Trial was to a jury and judgment was entered for appellees in accordance with the Deceptive Trade Practices-Consumer Protection Act.

On September 9, 1977, appellees purchased a new house built and sold by appellants. Appellant Gilbert J. Moore, Jr. testified that it was standard procedure in the appellant company to tell the customer "... that in the event that they have any defects that are attributable to faulty workmanship or bad materials, that Moore Brothers will repair, at no cost whatsoever to the owner, any defect of that nature that takes place, and they are also told to tell the customers that if for any reason that a person is dissatisfied with a Moore Brothers house, that his money will be refunded." According to appellees' evidence their first problem, which appeared in October of 1977, was with the plumbing. The problem was rectified by appellants but in so doing a hole was made in a brick wall of the house which was not repaired until March of 1978. In July or August of 1978, appellees noticed nail pops in the sheetrock of the ceilings of several rooms and a near falling of the ceiling in the garage. These were reported to appellant but it was in mid-December of 1978 before a representative of appellants went to the home to observe the problem. This representative then told appellees that the sheetrock would have to be taken down and replaced. By December 23, 1978, the sheetrock ceiling in the living room had dropped about four to six inches in several places. In addition to the sheetrock faults, appellees asserted the presence of numerous other defects, including an improperly installed sliding glass door, sags and bows in the roof, one warped 2 × 4 in one of the

bedroom walls and several chipped and flaked exterior brick.

Appellants' repair crew went to the house on December 26, 1978. The testimony as to what transpired at that time is conflicting. Appellees testified that an employee of appellant told them they would have to move out of the house for a period of time up to as long as four weeks. This was denied by the employee. It does appear that appellees were expecting visitors during the holidays and told the employees that they would notify appellants when they could come back to do the repair work. Appellees thereafter employed an attorney, moved from the house, and filed this lawsuit. They lived in a rent house for a period of some ten months, moving back into the house a short time before this case was tried.

The jury in response to special issues found that appellants made one or more express warranties to appellees by telling them that all defects discovered in the house would be repaired without cost to them and/or that the house was built in a good and workmanlike manner and that such warranty was breached and that such breach was a producing cause of the damage, if any. The jury failed to find in response to other special issues that the house was not constructed in a good and workmanlike manner, that the house was not suitable for human habitation, and that appellants were not given a reasonable time to cure the alleged defects before this suit was filed. Then the jury found appellants guilty of negligence proximately causing the damage in one or more of six ways and that appellees were negligent in refusing to allow appellants to repair the sheetrock and that such negligence was a proximate cause of their damage. The jury found that appellants' negligence caused 60% of the damage and appellees' negligence caused 40% of the damage. As previously noted the judgment was in accordance with the Deceptive Trade Practices-Consumer Protection Act awarding treble damages and disregarding the negligence issues.

Appellants, by the first point of error, maintain that the trial court erred in failing to set aside the jury's finding of a breach of an express warranty on the ground that the evidence was insufficient to support such a finding. The express warranty referred to in the issue was "that all defects discovered in the house would be repaired without cost."

In the consideration of an "insufficient evidence" point, it is the duty of this Court to consider and weigh all of the evidence in the case and remand only if it concludes that the finding of the jury is so against the great weight and preponderance of the evidence as to be manifestly unjust. The evidence supporting the finding is to be weighed along with all of the other evidence in the case which must include that which is contrary to the finding. In re King's Estate, 150 Tex. 662, 224 S.W.2d 660 (1951). In passing upon the sufficiency of the evidence, the court must view the evidence as a whole together with all reasonable inferences and deductions that may properly be drawn therefrom in a light most favorable to sustain the finding. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); Winkler v. Craven, 265 S.W.2d 191 (Tex.Civ.App.—Waco 1954, writ ref'd n. r. e.).

This Court, in addition to the factual matters set forth herein, has reviewed the entire record of this cause and has found that the evidence sufficiently supports the jury finding that appellants breached the express warranty to repair the defects complained of. Appellants' first point of error is therefore overruled.

Appellants further assert that the trial court erred in awarding attorney fees to appellees. The basis for this assertion is that since appellees were not entitled to recover under the Deceptive Trade Practices-Consumer Protection Act as contended in their first point of error, the attorney fees could not be awarded in a judgment finding liability based upon negligence. Tex.Rev.Civ.Stat.Ann. art. 2226. In view of the overruling of the first point of error,

this point is also deemed to be without merit. Section 17.50(d), Tex.Bus. & Comm. Code Ann., permits the awarding of the attorney fees.

Appellants' third and final point of error is also without merit. By this point it is contended that the trial court erred in disregarding the jury's finding of contributory negligence in ascertaining the amount of its judgment. This point is also rendered moot in light of the disposition of appellants' first point of error.

The judgment of the trial court is affirmed.