**Arthur BLUMENTHAL d/b/a Art Blumenthal Company, Appellant,**

**v.**

**AMERITEX COMPUTER CORPORATION, Appellee.**

**No. 05–81–01260–CV.**

Court of Appeals of Texas, Dallas.

Jan. 17, 1983.

J. Redwine Patterson, Dallas, for appellant.

Lawrence M. Wells, Dallas, for appellee.

Before CARVER, VANCE and GUILLOT, JJ.

VANCE, Justice.

Blumenthal, a foreign defendant, appeals by writ of error from a default judgment for Ameritex Computer Corporation in a suit alleging violations of the Texas Deceptive Trade Practices Act, § 17.41 et seq., Tex.Bus. & Com. Code Ann. § 17.41 et seq. (Vernon Supp. 1982–1983). The trial court awarded plaintiff treble damages, costs of court and reasonable attorney fees. Blumenthal wholly failed to answer or appear.

Appellant presents three grounds of error: insufficient allegations in the petition to establish long-arm jurisdiction, inadequate pleading and proof of notice as a prerequisite to treble damages, and insufficient evidence to support the attorney's fee. We hold that the petition is sufficient to establish jurisdiction, but we reverse the

award of treble damages and remand for determination of the amount of the attorney's fee, and affirm to the extent of actual damages.

This suit arose out of Blumenthal's offer in August, 1980, to sell certain data processing equipment to Ameritex. Allegedly misrepresenting that he was authorized to transact such sales, Blumenthal accepted and negotiated appellee's check for $8,000. Neither delivery of the equipment nor a refund was forthcoming. On appeal Blumenthal does not dispute the facts.

■ Blumenthal first asserts that the court did not acquire personal jurisdiction over him as a foreign defendant pursuant to Tex.Rev.Civ.Stat.Ann. art. 2031b, § 3 (Vernon 1964), the Texas long-arm statute, because the petition served on the Secretary of State failed to contain the proper jurisdictional allegations. Acknowledging that *U-Anchor Advertising, Inc. v. N.H. Burt,* 553 S.W.2d 760 (Tex.1977) did not concern a default judgment, Blumenthal nonetheless relies on it in correctly listing the three elements which must be present to properly invoke long-arm jurisdiction: 1) that defendant purposely did an act or consummated a transaction in Texas; 2) that plaintiff's cause of action arose from or was connected with such a transaction; and 3) that the assumption of jurisdiction is within traditional notions of fair play and substantial justice. *Id.* at 762; *O'Brien v. Lanpar Company,* 399 S.W.2d 340 (Tex.1966).

Blumenthal's error lies in his assertion that the petition must affirmatively state that all three elements are present, rather than recognizing that these are the criteria against which the court tests due process when an out-of-state defendant makes a special appearance to contest jurisdiction. *See U-Anchor Advertising, supra,* at 762. Appellant Blumenthal failed to make a special appearance, first entering this forum on writ of error after a default judgment was taken against him.

■ Review by way of writ of error in the Court of Appeals, as a direct attack on a default judgment, presents the question whether there is a lack of jurisdiction on the face of the record which would vitiate the trial court's judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 928 (Tex.1965). If such allegations are sufficient and uncontested, they establish jurisdiction, because when a defendant does not appear to contest jurisdictional allegations and does not challenge jurisdiction because of lack of notice, jurisdictional allegations, like allegations of liability, may properly be taken as admitted. *Gourmet, Inc. v. Hurley,* 552 S.W.2d 509, 513 (Tex.Civ.App.—Dallas 1977, no writ). However, if such allegations are not sufficient, no jurisdiction is shown. *Id.*

■ Blumenthal contends that the jurisdictional allegations of Ameritex were deficient in three respects: in not alleging that the defendant was engaged in business in Texas, that the Secretary of State was defendant's agent on whom service of process could be made, and that the defendant was a natural person.

Long-arm jurisdiction under Section 3 of Article 2031b, *supra,* requires "acts of engaging in business" within Texas, plus certain other elements. Section 4, using slightly different wording ("doing business in state"), defines the acts of "engaging in business" referred to in Section 3. These include entering into a contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in Texas, or the committing of any tort in whole or in part in this state. Ameritex's petition alleged that:

> Defendant has conducted, transacted and/or done business in the State of Texas by entering into a contract with a resident of the State of Texas, the Plaintiff herein, which contract was to be performed in whole or part by Plaintiff and Defendant in the State of Texas. Further, Defendant has committed a tort in whole or part within the State of Texas.

This pleading supplies the elements of contract and/or tort required by Section 4, the definitional section, thus satisfying the requirement of Section 3 that the defendant be engaged in business within Texas. *See Computer Synergy Corp. v. Business Sys-*

*tems Products,* 582 S.W.2d 573, 575 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ).

■ Blumenthal also claims that Ameritex did not allege that the Secretary of State was defendant's agent upon whom service of process could be made. However Ameritex fulfilled the requirements for substituted service under article 2031b, § 3, *supra,* by alleging that the defendant was not a resident of Texas, had engaged in business in the State, and had failed to maintain any regular place of business in the State or any person in charge upon whom service of process could be effected. While Ameritex's conclusion that "Defendant has constructively designated the Secretary of the State of Texas as his true and lawful attorney upon whom service of process may be effected" does not echo the exact wording of the statute,[1] the record compels the inference that Blumenthal had neither a place of regular business nor a designated agent in Texas. Accordingly, we hold that the wording employed in the petition sufficiently expresses the concept that the Secretary of State shall be deemed defendant's agent in Texas. *See McKanna v. Edgar,* 388 S.W.2d 927, 930 (Tex.1965).

■ As to the third alleged deficiency in pleading under Art. 2031b, § 3, *supra,* a reading of the statute shows that its reach is wide, intended as inclusive, not exclusive. It applies to "any foreign corporation, association, joint stock company, partnership, or non-resident natural person that engages in business in this state ..." Ameritex's allegation that it "complains of Arthur Blumenthal, d/b/a Art Blumenthal Company"

and that "Defendant is not a resident ..." suffices to bring Blumenthal within the category of non-resident natural persons. The purpose of requiring jurisdictional allegations is to give the non-resident defendant notice of the facts on which Plaintiff will rely as authorizing exercise of jurisdiction over defendant's person on substituted service. *Gourmet, Inc., supra,* at 512. Blumenthal's first ground of error is overruled.

■ As his second ground of error, Blumenthal asserts that notice as a prerequisite to treble damages was inadequately pleaded and proved. Section 17.50A(a) of the Texas Deceptive Trade Practices Act, Tex.Bus. & Com. Code Ann. (Vernon Supp. 1982–1983)[2] contains the prerequisites to an award of treble damages under Section 17.50(b)(1).[3]

In 1979 the Legislature amended the statutory scheme to encourage settlement of suits seeking treble damages. *See* Curry, "The 1979 Amendments to the Deceptive Trade Practices-Consumer Protection Act," 32 Baylor L. Rev. 51, 68 (1980). Among other changes, the notice provision became a prerequisite to the plaintiff's claim for treble damages, rather than non-receipt of notice constituting an affirmative defense to be pleaded and proved by the defendant. *Id.* The amended Act now also requires the plaintiff to refrain from suing for treble damages for at least 30 days from notice, thus facilitating the out-of-court settlement process. *See* Goodfriend & Lynn, "Of White Knights and Black Knights: An Analysis of the 1979 Amendments to the Texas Deceptive Trade Practices Act," 33 SWLJ 941, 990 (1979).

---

1. The statute in pertinent part recites, "... the act or acts of engaging in such business within this state shall be deemed equivalent to an appointment by such foreign corporation ... or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made ..." Tex.Rev.Civ. Stat.Ann. art. 2031b, § 3 (Vernon 1964).

2. (a) As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer *shall* give written notice to the person at least 30 days before filing

the suit advising the person of the consumer's specific complaint and the amount of actual damages and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant. (Emphasis added)

3. That statute provides in part that:

If the trier of fact finds that the conduct of the defendant was committed knowingly, the trier of fact may award not more than three times the amount of actual damages in excess of $1,000.00.

The language of § 17.50A(a), *supra,* is mandatory.[4] The statute contains only two exceptions to the 30-day notice requirement for treble damages,[5] neither of which applies here. As expressed by the Texas Supreme Court in *Industrial Accident Board v. Glenn,* 144 Tex. 378, 382, 190 S.W.2d 805, 807 (1945), "Where a cause of action is derived from statute and not from the common law ..., the provisions of the statute must be complied with or an action is not maintainable ...." *See also Mingus v. Wadley,* 115 Tex. 551, 557–58, 285 S.W. 1084, 1087 (1926).

Although Ameritex's petition alleges that Blumenthal received repeated written notice of the specific complaint, it omitted to allege that this was given at least 30 days before filing of the suit. At the default hearing Ameritex likewise failed to prove the timeliness of the notice presented to Blumenthal. On the authority of the mandatory language of the statute and analogy to pre-1979 caselaw, we reverse that portion of the judgment of the trial court which awards Ameritex treble damages. See *Chrysler-Plymouth City, Inc. v. Guerrero,* 620 S.W.2d 700, 706 (Tex.Civ.App.—San Antonio 1981, no writ) (treble damages allowed where defendant offers no proof of non-receipt of notice); *Jim Walter Homes, Inc. v. Geffert,* 614 S.W.2d 843, 845 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.) (no treble damages where defendant proved he received no notice); *Petty v. Ferguson,* 601 S.W.2d 782, 785 (Tex.Civ. App.—Fort Worth 1980, writ dism'd) (defendant's admission of 30-day notice sufficed). The award is affirmed to the extent of actual damages both alleged and established by proof. *Woo v. Great Southwestern Acceptance Corp.,* 565 S.W.2d 290, 298 (Tex.Civ.App.—Waco 1978, writ ref'd n.r. e.). *See also Lubbock Mortgage & Investment Company, Inc. v. Thomas,* 626 S.W.2d 611, 615 (Tex.App.—El Paso 1981, no writ).

Appellant also complains that the record contains no evidence or insufficient evidence to support the court's award of $1,000 in attorney fees. The Texas Deceptive Trade Practices Act, art. 17.50(d), *supra,* provides "Each consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees." *See Lubbock Mortgage & Investment Company, Inc., supra,* at 615; *Moore Bros. Lumber Co. v. Toombs,* 614 S.W.2d 858, 860 (Tex.Civ.App. —Texarkana 1981, no writ).

■ As a general rule no evidence is required to support a default judgment because the defendant's failure to appear or answer is taken as an admission of the allegations of the plaintiff's petition. *Gourmet v. Hurley,* 552 S.W.2d 509, 513 (Tex. Civ.App.—Dallas 1977, no writ); Tex.R. Civ.P. 241 (Vernon 1976). However proof is required with respect to damages that are unliquidated or not proved by an instrument in writing. Tex.R.Civ.P. 243 (Vernon 1976); *Burrows v. Bowden,* 564 S.W.2d 474, 475 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312, 314 (Tex.Civ. App.—Dallas 1975, writ ref'd). A demand for reasonable attorney fees is for unliquidated damages, and the award of such a fee must be upon evidence in support of pleadings. *Watson v. Sheppard Federal Credit Union,* 589 S.W.2d 742, 744 (Tex.Civ.App.— Fort Worth 1979, writ ref'd n.r.e.). *See also Termeer v. Interstate Motors Inc.,* 634 S.W.2d 12, 13–14 (Tex.App.—Beaumont 1982, no writ). Compare with *Chrysler v. Schuenemann,* 618 S.W.2d 799, 807 (Tex. Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) (testimony as to hours spent and amount considered reasonable hourly charge sufficient to support award attorney fees in DTPA action) and with *Chrysler-Plymouth City, Inc. v. Guerrero,* 620 S.W.2d 700 (Tex.Civ.App.—San Antonio 1981, no writ) (testimony as to experience of attorney, hours spent, nature of preparation, and prevailing hourly rates sufficiently support award of attorney fees under DTPA).

■ The record reflects that at the default hearing the attorney for Ameritex

---

4. See note 2, *supra.*

5. See § 17.50A(b), Tex.Bus. & Com.Code Ann. (Vernon Supp. 1982–1983).

requested $2,500 as attorney fees and offered to "prove that up." The trial judge interrupted however, explaining that he would award only that sum which he deemed reasonable for a default, in this instance, $1,000. The attorney representing Ameritex acquiesced to this amount but neglected to present proof of his hours expended, the complexity of the case, etc. The award of attorney fees is therefore unsupported by evidence and is reversed. *Watson, supra,* at 745. The case is remanded for trial of that issue. *Ayco Development Corporation v. G.E.T. Service Co.,* 616 S.W.2d 184, 187 (Tex.1981); *Woods Exploration and Producing Company, Inc. v. Arkla Equipment Company,* 528 S.W.2d 568, 570–71 (Tex.1975).

Accordingly, we modify the judgment as follows: (1) the award of actual damages is affirmed to the extent of $8,000, the amount pleaded and proved; (2) the recovery of treble damages is denied for the reasons stated; and (3) the award of $1,000 as an attorney's fee is reversed, the claim for an attorney's fee being remanded for a trial limited to the amount of the fee.