OPINION
ELLIS, Justice.
The previous opinion rendered in this cause on January 2,1986, is withdrawn and the following opinion is substituted.
Appellant, Fairmont Homes, Inc., of Indiana, a foreign corporation, appeals from a default judgment by writ of error. Appel-lees, Roy and Margie Upchurch, sued Mobile America Sales Corporation and Fair-mont Homes, Inc., under the Deceptive Trade Practices Act for alleged defects to *523 their mobile home. The mobile home was manufactured by Fairmont Homes, Ine., and sold to appellees through Mobile America Sales Corporation. On October 12, 1984, the court severed Fairmont Homes, Inc., from Mobile America Sales Corporation and assigned a separate cause number to Fairmont Homes, this being cause no. 14,394-A, leaving Mobile America, who had answered appellees’ suit, in the 14,394 cause number. This severance of cause 14,394 was necessary so the default judgment rendered against Fairmont Homes, Inc., on the same day, would become final. We affirm in part, reverse and remand in part.
Appellant states five points of error in which it alleges the trial court erred: (1) in granting the default judgment because plaintiffs did not give proper notice and/or proper service to defendant corporation; (2) in awarding attorney’s fees because there was insufficient evidence or no evidence of any reasonable and necessary attorney’s fees; (3) in awarding $15,600.00 in attorney’s fees because the amount was excessive as a matter of law; (4) by abusing its discretion in not granting the motion for new trial because the statement of facts was not prepared by the court reporter; and (5) by rendering default judgment in cause number 14,394-A, because it was signed prior to the order of severance and assignment of cause number 14,394-A. Therefore, the judgment of the court is void as a matter of law.
In the first point of error, appellant alleges the trial court erred in granting the default judgment because plaintiffs did not give proper notice and/or proper service to defendant corporation.
Section 3 of Article 2031b, the Texas Long Arm Statute Tex.Rev.Civ.Stat.Ann. (Vernon 1964), in pertinent part reads as follows:
Sec. 3. Any foreign corporation ... that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, ... of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such corporation, ... is a party or is to be made a party.
Appellant appeals by way of writ of error which constitutes a direct attack on the default judgment. Therefore, the question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court’s judgment. McKanna v. Edgar, 388 S.W.2d 927, 928 (Tex.1965).
A record showing of jurisdiction necessary to support a default judgment upon substituted service must meet two major requirements: (1) the pleadings must allege facts which, if true, would make the defendant responsible to answer, or in the language of rule 120a, T.R.C.P., contain allegations making the defendant “amenable to process” by use of the longarm statute; and (2) there must be proof in the record that the defendant was, in fact, served in the manner required by statute. Whitney v. L & L Realty Corporation, 500 S.W.2d 94 (Tex.1973).
The plaintiff has the burden of making sufficient allegations to bring the defendant within the provisions of the substituted service statute. McKanna v. Edgar, 388 S.W.2d 927 (Tex.1965). Additionally, “the intent is to permit resort to Section 3 only if Section 2 is not available.” McKanna, supra.
Appellee, Upchurch, made the following allegations in his first amended petition which was the petition served on the appellant:
Defendant Mobile America Sales Corporation is a corporation whose registered agent for service of process is Robert L. *524 Levine, and who may be served with process at 1120 Nasa Road One Suite 666, Houston, Texas 77058, Defendant’s registered address. Defendant Fairmont Homes, Inc., at all times material herein was engaged in business in Texas. Fair-mont does not maintain a place of regular business in Texas and has no designated agent on whom service of citation may be made in this cause. The cause of action asserted arose from or was connected with the sale by Fairmont through Mobile America of mobile homes in the State of Texas. The causes of action below alleged were, in part, committed in Walker County, Texas. Accordingly, Fairmont may be cited by serving the Secretary of State of Texas to be forwarded to Defendant’s registered agent for service of process in its home state of Indiana, by forwarding, the citation to James Shea, P.O. Box 27, Nap-panee, Indiana.” (emphasis ours).
In the instant case, appellant specifically alleges that appellees fail to differentiate between Fairmont Homes, Inc., a Texas corporation, and Fairmont Homes, Inc., an Indiana Corporation, appellant in this case. They further argue that service of process was improperly made upon the Texas Secretary of State pursuant to the Texas Long Arm Statute 2031b Sec. 3, supra and that appellees did not allege in their first amended petition that appellant was a foreign corporation.
Appellees served Fairmont Homes, Inc., a Texas corporation, with their original petition and an answer was filed on their behalf. Thereafter, appellees’ First Amended Petition was served on appellant on its registered agent in its home state of Indiana through the Texas Secretary of State under the Texas Long Arm Statute art. 2031b, supra. Its registered agent, James Shea, P.O. Box 27, Nappanee, Indiana, was served by the Secretary of State by certified mail and the returned receipt was received in their office dated August 18, 1984. This information is shown on the certificate of service from the Secretary of the State of Texas filed with the Clerk of the Court on September 24, 1984.
Neither of appellees’ two petitions specifically allege the State of incorporation. We find that the allegations in appellees’ First Amended Petition gave appellant adequate notice that the pending suit was against Fairmont Homes, Inc., the Indiana Corporation. We also find the allegations in appellees’ First Amended Petition were sufficient to put the appellant on notice that it was a foreign corporation. It is not imperative to allege in the petition that appellant is a foreign corporation as long as it is apparent from the allegations in the petition that it is a foreign corporation.
With regard to the two-prong test cited from the Whitney case, supra, we find that the pleadings do allege sufficient facts which, if true, make the defendant responsible to answer.
First of all, appellee states that Fairmont does not maintain a place of regular business in Texas and has no designated agent on whom service of citation can be made. These facts are sufficient to support the use of Section 3, rather than Section 2, of the Texas Long Arm Statute.
The second prong of the Whitney test states that there must be proof in the record that the defendant was, in fact, served in the manner required by statute. The record shows that on August 13, 1984, Fairmont Homes, Inc., of Indiana was served through the Secretary of The State of Texas pursuant to Article 2031b(3), return receipt being received by the Secretary of State’s office on August 18, 1984. We find that appellant was given adequate notice of the pending lawsuit such that it should have answered and that the court had jurisdiction to render judgment against it. We overrule appellant’s first point of error.
In point of error four, appellant alleges that the trial court abused its discretion in not granting the Motion for New Trial because the Statement of Facts of the Default Judgment Hearing was not prepared by the court reporter.
*525 This point of error is without merit since the Statement of Facts from the Default Judgment Hearing was prepared, transcribed and filed with the trial court. The record reflects that Johnny D. West, the official court reporter of the 12th District Court of Walker County, Texas, prepared and certified the transcription of the statement of facts of the October 12, 1984 default judgment hearing on February 14, 1985. The record also reflects that Betty Tackett, the District Clerk of Walker County, Texas, filed the statement of facts in her office on February 21, 1985. Appellant’s fourth point of error is overruled.
In the fifth point of error, appellant alleges that the judgment of the trial court is void as a matter of law. Appellant alleges this because the Default Judgment rendered in cause no. 14,394-A was signed prior to the order of severance and assignment of cause no. 14,394-A.
The statement of facts reflects the hearing in this ease was held on October 12, 1984. At the hearing the judge severed Fairmont Homes, Inc., of Indiana out of the cause and assigned them a new cause number, after he rendered the default judgment against it.
The issue is whether the trial court’s severance of appellees’ suit against Fairmont Homes of Indiana from their cause of action against Mobile America Sales Corporation was proper. A trial court has broad discretion in the matter of severance of causes and the trial court’s action therein will not be disturbed on appeal except for an abuse of discretion. Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677 (1956). Under the facts of this case, we find no abuse of discretion in the trial court’s severance of appellees’ cause of action against Fairmont Homes of Indiana from their suit against Mobile America Sales Corporation. Even if the trial court’s severance were error, it would not be error “that was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.” Tex.R. Civ.P. 434. Accordingly, appellant’s point of error five is overruled.
In points of error two and three, appellant alleges that the trial court erred in awarding attorney’s fees because there was insufficient evidence or no evidence of any reasonable and necessary attorney’s fees and that the trial court’s award of $15,600.00 in attorney’s fees was excessive as a matter of law.
The Texas Rule of Civil Procedure 243 on Unliquidated Demands states the following:
If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor....
The Deceptive Trade Practices Act, Texas Business and Commerce Code, article 17.50(d), provides: “Each consumer who prevails shall be awarded court costs and reasonable and necessary attorney’s fees.”
As a general rule, no evidence is required to support a default judgment because the defendant’s failure to appear or answer is taken as an admission of the allegations of the plaintiff’s petition. Blumenthal v. Ameritex Computer Corp., 646 S.W.2d 283, 287 (Tex.Civ.App.-Dallas 1983, no writ); Gowmet v. Hurley, 552 S.W.2d 509, 513 (Tex.Civ.App.-Dallas 1977, no writ); Tex.R.Civ.P. 241 (Vernon 1976). However, proof is required with respect to damages that are unliquidated or not proved by an instrument in writing. The court shall hear evidence as to damages and shall render judgment. Tex.R.Civ.P. 243 (Vernon 1976); Burrows v. Bowden, 564 S.W.2d 474, 475 (Tex.Civ.App.-Corpus Christi 1978, no writ). A demand for reasonable attorney’s fees is for unliquidated damages, and the award of such a fee must be upon evidence in support of pleadings. Blumenthal v. Ameritex Computer Corp., supra.
In Blumenthal, the record showed that at the default hearing the attorney for Ameritex requested $2,500 as attorney’s fees and offered to “prove that up.” The trial judge interrupted however, explaining that he would award only that sum which *526 he deemed reasonable for a default, in this instance, $1,000. The attorney representing Ameritex acquiesced to this amount, but neglected to present proof of his hours expended, the complexity of the case, etc. The award of attorney’s fees was therefore unsupported by evidence and was reversed. The case was remanded for trial of that issue.
The instant case presents a similar situation. There was insufficient proof on the issue of reasonable and necessary attorney’s fees allowed under the Deceptive Trade Practices Act. The only testimony concerning attorney’s fees was by Don Baker, attorney for appellees. Mr. Baker testified that he takes cases involving the Texas Deceptive Trade Practices Act on a 40% contingency fee basis. He further testified that he has never handled a DTPA case other than on a contingency fee basis. The court’s award for attorney’s fees was based on 40% of the $39,000 damage award. There is no other proof in the record to substantiate the sum of $15,600 that was awarded to the attorney in this case. The attorney representing appellees in this case neglected to present proof of his hours expended, the complexity of the case, etc. The award of attorney’s fees is therefore unsupported by evidence and is reversed. The reasonableness of attorney’s fees, in the absence of a contract therefor, is a question of fact and is an unliquidated demand as to which the Court should have heard evidence.
There is insufficient evidence in the record before us to support the reasonableness or necessity of the attorney’s fees that were awarded by the court below. We sustain appellant’s points of error two and three.
Accordingly, the award of $15,600 as attorney’s fees is reversed, the claim for attorney’s fees being remanded for a trial limited to the amount of the fee.
The court’s judgment is affirmed, except as to the issue of attorney’s fees, which we reverse and remand for trial to determine reasonable and necessary attorney’s fees.