WOODCOCK, CUMMINGS, TAYLOR & FRENCH, INC., Appellant,

v.

H. Markley CROSSWELL, III, Appellee.

No. 15779.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 27, 1971.

Barrow, Bland & Rehmet, David Claflin, Houston, for appellant.

Van E. McFarland, Houston, for appellee.

PEDEN, Justice.

Suit against a foreign corporation for damages for failure to deliver certain securities. Service of citation on the defendant corporation was sought by serving the Texas Secretary of State under the provisions of Article 2031b, Vernon's Ann.Texas Civil Statutes. A default judgment was entered in favor of the plaintiff, H. M. Crosswell, III, and the brokerage firm now seeks to set it aside by writ of error.

The non-resident defendant urges us to reverse the default judgment, contending that the plaintiff failed to bring this defendant within the jurisdiction of the court for two reasons: 1) the record shows that the attempted substituted service of citation on the defendant failed to comply with the provisions of Article 2031b and 2) the plaintiff's petition fails to allege that a contract was entered into in the State of Texas.

We sustain the appellant's point of error based on the first reason, so it is not necessary for us to consider the second.

The plaintiff's petition alleged that the defendant brokerage house and another defendant, Ernest T. Claudis (who did not join in the petition for writ of error), caused the plaintiff to be damaged by their failure to deliver to him certain shares of stock which he was entitled to receive. After stating that the plaintiff is a resident of Harris County, Texas, that Claudis was and is a resident citizen of Philadelphia, Pennsylvania, and that the brokerage house, a foreign corporation, has its principal offices and place of business at 1500 Chestnut Street, Philadelphia, Pennsylvania, the petition related:

Said defendants were as hereinafter described, doing business in the State of Texas and Plaintiff's claim arises out of such business. Said Defendants not having an officer or other agent for service of process within this State, have there-

by appointed as their agent the Secretary of State of the State of Texas, Austin, Texas, and may serve through said agent.

Section 3 of Article 2031b, upon which the plaintiff-appellee must rely, provides in part:

"Any foreign corporation * * * that engages in business in this State * * * and does not maintain a place of regular business in this State or a designated agent upon whom service may be made * * *, the act or acts of engaging in such business * * * shall be deemed equivalent to an appointment * * * of the Secretary of State of Texas as agent upon whom service of process may be made. * * *."

■ We hold that the quoted paragraph from plaintiff's petition does not amount to an allegation that the brokerage house "does not maintain a place of regular business in this State," and such allegation is not found elsewhere in the plaintiff's petition.

Section 2 of Article 2031b provides:

"When any foreign corporation * * * shall engage in business in this State * * * service may be made by serving a copy of the process with the person who * * * is in charge of any business in which the defendant or defendants are engaged * * *."

■ The Texas Supreme Court held in McKanna v. Edgar, 388 S.W.2d 927 (1965), that resort to Section 3 of Article 2031b is permitted only if Section 2 is not available and that it is imperative that the record affirmatively show a strict compliance with the provided mode of service. "While ordinarily presumptions are made

in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment. * * * We think the same rule would apply to inferences of jurisdictional facts in a direct attack. * * * As noted above, jurisdiction in this type of case must affirmatively appear on the face of the record. The provisions of Article 2031b are clear, and plaintiff has the burden of making sufficient allegations to bring the defendant within its provisions. * * *."

If substituted service on the Texas Secretary of State under Section 3 of Article 2031b is to confer to a Texas court jurisdiction over a non-resident defendant, the plaintiff is required to show that such defendant had neither a place of regular business nor a designated agent in this State.

The plaintiff's petition having failed to allege that the foreign corporation "does not maintain a place of regular business in this State," the plaintiff has not satisfied his burden of affirmatively showing on the face of the record in this writ of error proceeding that Section 2 is not available; therefore he is not entitled to resort to Section 3.

■ The corporate defendant has now appeared to attack the judgment so it is presumed to have entered its appearance to the term of the court at which the mandate shall be filed, as provided by Rule 123, Vernon's Ann. Texas Rules of Civil Procedure.

The judgment of the trial court as to the appellant is reversed and remanded to the trial court for severance from the judgment against the individual defendant, Claudis, and for trial on the merits.