**GOURMET, INC., Appellant,**

v.

**Charles W. HURLEY, Appellee.**

**No. 19193.**

Court of Civil Appeals of Texas, Dallas.

April 29, 1977.

Rehearing Denied May 26, 1977.

Joseph Hawryluk, Dallas, for appellant.

Harold E. Vanberg, Law Office of Davis A. Witts, Dallas, for appellee.

GUITTARD, Chief Justice.

This case is before us on writ of error from a default judgment against a nonresident corporation. Process was served under Texas Revised Civil Statutes Annotated, article 2031b (Vernon 1964), by delivering the citation, with a copy of the petition, to the Secretary of State, who forwarded the papers to the defendant corporation in New York. The principal question is whether service was ineffective because the petition does not allege the facts which authorize service on the Secretary of State under article 2031b. We hold that service is ineffective for that reason, even though an amended petition was filed before the default judgment was taken and even though sufficient evidence was offered at the hearing to establish the necessary jurisdictional facts.

Plaintiff asserts defendant's amenability to process under section 3 of article 2031b, which provides as follows:

Sec. 3. Any foreign corporation, association, joint stock company, partnership, or non-resident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and *does not maintain a place of regular business in this State or a designated agent upon whom service may be made* upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, joint stock company, association, partnership, or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such corporation, joint stock company, association, partnership, or non-resident natural person is a party or is to be made a party. [Emphasis added.]

The original petition, which was attached to the process served on the Secretary of State and forwarded to defendant in New York, alleges:

Defendant is a New York corporation doing business in the State of Texas, and service of process may be had on its President, Earle R. MacAusland, at 777 Third Avenue, New York, New York 10017, or through the Secretary of State of the State of Texas, Austin, Texas.

In an amended petition filed on the day the default judgment was signed, plaintiff added allegations to the effect that defendant has "no designated registered agent for service of process in Texas and maintains no regular place of business." We have before us a statement of facts containing the evidence offered at the hearing, including exhibits which we assume, without deciding, to be sufficient to establish the jurisdictional allegations of the amended petition.

Defendant contends that the court acquired no personal jurisdiction over it because plaintiff failed to serve on the Secretary of State a petition containing allegations of the jurisdictional facts required by article 2031b. Plaintiff seeks to uphold the judgment on the ground that the statute does not require that the jurisdictional facts be alleged in the petition, but only that the trial court must be satisfied from the record made at the hearing that the necessary jurisdictional facts exist.

■ We conclude that defendant's position is correct. Although the statute does not by its terms require that the jurisdictional facts be alleged in the petition, the supreme court, in applying the statute, has declared that such facts must be alleged. In *McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965), a default judgment was reversed on the ground that the petition did not allege that the nonresident defendant "does not maintain a place of regular business in this state or a designated agent upon whom service may be made," within article 2031b, section 3. The court said that the rule ordinarily applying to default judgments that pleadings must be construed in favor of the pleader does not apply with respect to jurisdictional facts, since there is no presumption of due service on direct review of

a default judgment. 388 S.W.2d at 929. The court went on to say that since jurisdiction must affirmatively appear on the face of the record, plaintiff has the burden of making sufficient allegations to bring the defendant within its provisions. *Id.* at 930.

Again, in *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94, 95 (Tex.1973), the supreme court declared:

A record showing of jurisdiction necessary to support a default judgment upon substituted service, such as we have here, must meet two major requirements: (1) The pleadings must allege facts which, if true, would make the defendant responsible to answer,—or in the language of Rule 120a, contain allegations making the defendant "amenable to process" by the use of the long-arm statute; and (2) there must be proof in the record that the defendant was, in fact, served in the manner required by statute.

Plaintiff argues that neither *McKanna* nor *Whitney* is controlling here because neither dealt with a situation in which the jurisdictional facts omitted in the petition were supplied by proof at the default hearing. *McKanna,* he says, merely requires that the jurisdictional facts be shown "on the face of the record," and he insists that the exhibits attached to the statement of facts are a part of the record which the trial court was authorized to consider for the purpose of determining whether process had been served as required by the statute. Moreover, he argues that the statement in *Whitney* concerning the necessity of pleading jurisdictional facts is dictum, since the only question in that case was whether a default judgment should be reversed for lack of proof that the Secretary of State had forwarded process to the defendant, as the statute requires.

■ We recognize that neither *McKanna* nor *Whitney* dealt with a case in which jurisdictional facts were established by evidence, though not alleged in the petition served on the defendant. To determine whether a default judgment should be upheld in such a situation, we must consider the purpose of requiring such an allegation.

We conclude that the purpose is to give the nonresident defendant notice of the facts on which plaintiff will rely as authorizing exercise of jurisdiction over defendant's person on substituted service. Unless the petition states the grounds of jurisdiction, the defendant is not in a position to make an informed decision as to whether he should appear and defend the suit, make a special appearance to contest jurisdiction, or let the judgment go by default and resist its enforcement in his own state on due process grounds. If the grounds of jurisdiction are alleged and defendant does not make a special appearance to contest them, those allegations, like other fact allegations in the petition, may be taken as established by the defendant's default, and there is no need to examine the evidence to determine whether the court has jurisdiction over the person of the defendant.

■ This analysis of the purpose of requiring the petition to allege jurisdictional facts is helpful in understanding the statement in *McKanna* that jurisdiction "must affirmatively appear on the face of the record." The term "face of the record" is used in contradistinction to a complete record, which would include the evidence. It is equivalent to the common-law judgment roll, on which an officer of the court, before the days of written pleadings, recorded the issues to be litigated and the court's disposition of those issues. *Permian Oil Co. v. Smith,* 129 Tex. 413, 107 S.W.2d 564, 566 (1937). A statute, now repealed, authorizing consideration on appeal of errors not assigned but "apparent on the face of the record," was construed as including only "fundamental" errors, which could be determined without an examination of the evidence. *Houston Oil Co. v. Kimball,* 103 Tex. 94, 122 S.W. 533, 537 (1909); *Heard v. Nichols,* 293 S.W. 805 (Tex.Com.App.1927, jdgmt. adopted); and see *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979, 982 (1947). In the light of these cases we interpret the term "face of the record," as used in *McKanna,* as referring only to the judgment and filed papers, which would be included in the transcript on appeal, and not

as extending to evidence introduced at a hearing, whether written or oral, which would be included in a statement of facts. This interpretation is consistent with the statement in *Whitney*, above quoted, that the necessary jurisdictional facts must be alleged in the pleadings.

The question then arises as to why an allegation in the petition, without proof, should be taken as establishing the necessary jurisdictional facts. Ordinarily pleadings are not evidence, but no evidence is necessary to support a default judgment because defendant's failure to answer is taken as admitting the allegations of the petition. *Long v. Wortham*, 4 Tex. 381 (1849); *Nixon v. Nixon*, 348 S.W.2d 434, 437 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.). Proof is required only with respect to damages that are unliquidated or not proved by an instrument in writing. Tex.R. Civ.P. 243; *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312, 314 (Tex. Civ.App.—Dallas 1975, writ ref'd). Consequently, in accepting the allegations of the petition as determining jurisdiction, the supreme court appears to have treated the jurisdictional allegations as admitted by the default, as the court would treat any allegation other than one of the amount of damages.

This conclusion may seem anomalous, since the defendant cannot be said to have defaulted unless the court had jurisdiction over his person. Nevertheless, when the challenge to personal jurisdiction is not lack of actual notice of the suit, but rather that the jurisdictional prerequisites to substituted service are not satisfied, jurisdictional allegations, like allegations of liability, may properly be taken as admitted if defendant does not appear to contest them. Thus, if such allegations are sufficient and uncontested, they establish jurisdiction, but if they are not sufficient, no jurisdiction is shown.

We conclude that the statements in *McKanna* and *Whitney* to the effect that the petition must allege the jurisdictional facts are applicable here, and that unless

such facts are alleged in the petition attached to the process served on the defendant, they cannot be taken as admitted, and jurisdiction cannot be established by proof of facts of which the defendant has not been notified by the allegations of that petition. Accordingly, we hold that in the absence of sufficient allegations of jurisdiction in the petition attached to the process as served, the court acquires no personal jurisdiction by substituted service.

Reversed and remanded.