COPYSTATICS, INC., Appellant,

v.

W.G. BOURN, d/b/a Copying and Duplicating Products, Appellee.

No. 9349.

Court of Appeals of Texas, Texarkana.

June 18, 1985.

Rehearing Denied July 16, 1985.

**614**

Michael A. Hatchell, Tyler, for appellant.

Timothy M. Fults, Boyd & Dubose, Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and CHADICK *, JJ.

CORNELIUS, Chief Justice.

Copystatics appeals from a default judgment, arguing that the judgment should be set aside because the plaintiff failed to allege the requirements of substituted service contained in Article 2031b, Tex.Rev. Civ.Stat.Ann. (Vernon 1964). We agree and reverse the judgment.

Bourn filed suit against Copystatics, Inc. as successor in interest to Saxon Business Products, alleging that Saxon fraudulently induced him into a dealer contract knowing that Saxon intended to go bankrupt, and that as a result he suffered a loss of profits and other damages.

As prerequisite to substituted service, Bourn alleged the following:

Defendant is a foreign corporation doing business in Texas, but does not maintain a registered agent for service within the State of Texas and therefore under the provisions of Article 2031 (b) (sic) has appointed the Secretary of the State of Texas as its agent for service upon whom service may be had. Plaintiff would further show that Copystatics, Inc. is not amendable to service other

than under the terms and provisions of Article 2031 (b) (sic).

Copystatics failed to answer or appear and default judgment was rendered against it. The appeal is by writ of error which is a direct attack on the default judgment, and the question is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965).

Article 2031b, § 3, Tex.Rev.Civ.Stat.Ann. (Vernon 1964) provides, in pertinent part:

Any foreign corporation, ... that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be had upon causes of action arising out of business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, ... of the Secretary of State of Texas as agent upon whom service of process may be made....

In *McKanna v. Edgar*, supra, the court stated:

While ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment.

Bourn's petition failed to allege that Copystatics did not maintain a place of business in Texas. Omission of this allegation is fatal to the judgment. *McKanna v. Edgar*, supra; *Public Storage Properties v. Rankin*, 678 S.W.2d 590 (Tex.App.-Houston [14th Dist.] 1984, no writ); *Gourmet, Inc. v. Hurley*, 552 S.W.2d 509 (Tex.Civ. App.-Dallas 1977, no writ).

The fact that Bourn amended his allegations by trial amendment at the default hearing to comply with Article 2031b does not change the result. Such an ex

---

* Honorable T.C. Chadick, Justice, Supreme Court of Texas, Retired, sitting by Assignment.

post facto amendment cannot supply the necessary allegations on which substituted service was made, because the defendant is entitled to base its decision to answer the suit upon the sufficiency of the statutory allegations in the petition it received. *Gourmet, Inc. v. Hurley,* supra; *Behar v. Patrick,* 680 S.W.2d 36 (Tex.App.-Amarillo 1984, no writ).

■ Neither is the result changed by the fact that Copystatics made a general appearance after the default. The subsequent appearance submits Copystatics to the jurisdiction of the court, but it does not breathe life into the voidable judgment. Tex.R.Civ.P. 123; *Cates v. Pon,* 663 S.W.2d 99 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Woodcock, Cummings, Taylor & French v. Crosswell,* 468 S.W.2d 864 (Tex.Civ.App.-Houston [1st Dist.] 1971, no writ).

The judgment is reversed and the cause is remanded for trial.