**Bruce Brian ONNELA, Appellant,**

v.

**Sixto MEDINA and Wife, Herminia Medina, Appellees.**

No. 13–88–539–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 1, 1990.

Knox D. Nunnally, Lynette Fons, Rebecca S. Woodward, Vinson & Elkins, Houston, for appellant.

Clifton E. Slaten, Lisa D. Powell, Atlas & Hall, McAllen, for appellees.

Before SEERDEN, UTTER, and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

Appellant's petition for writ of error challenges a default judgment in a suit for personal injuries and property damage resulting from an automobile collision. Petitioner brings eighteen points of error before this Court. The first point complains that the record fails to establish that the trial court had personal jurisdiction over respondent, Bruce Brian Onnela. We agree and grant the writ, reverse the default judgment, and remand the case to the trial court.

By his first point of error, appellant asserts that the trial court did not have personal jurisdiction over him, alleging that appellees did not meet the requirements for substituted service under the longarm statutes, Tex.Civ.Prac. & Rem.Code Ann. § 17.041 *et seq.* (Vernon 1986 & Supp.1989). Appellant argues that appellees did not allege the requisite facts in their petition to authorize the substituted service. Additionally, appellant claims under this point that the record does not show that appellees provided the Secretary of State with his current address, but only his "last known address." Thus, he argues, compliance with the longarm statute is not affirmatively shown on the face of the record.

The transcript contains a citation issued to appellant by service on the Secretary of the State of Texas as agent for service. It also contains a certificate of service from the Secretary of State, which recites that a copy of the citation and petition were forwarded to a Michigan address by certified mail, return receipt requested, and that the Secretary received the return, signed by appellant's agent. Additionally, the record contains a certificate of last known address bearing the same Michigan address.

The petition alleges, "Defendant Bruce Brian Onnela is a resident of the State of

Michigan and may be served with process by serving the Secretary of State, Jack M. Rains in accordance with Article 2031B, V.A.T.S." The petition describes a tort committed in the State of Texas. However, it does not allege that appellant does not maintain a regular place of business in Texas, or have a designated agent for service of process. *See* Texas Civ.Prac. & Rem.Code Ann. § 17.044(b) (Vernon 1986).

■ A challenge to the trial court's jurisdiction may be raised at any time, even on appeal. *Qwest Microwave, Inc. v. Bedard,* 756 S.W.2d 426, 434 (Tex.App.—Dallas 1988, orig. proceeding). In a default judgment case in which jurisdiction is based on substituted service, jurisdiction must affirmatively appear from the face of the record. *McKanna v. Edgar,* 388 S.W.2d 927, 930 (Tex.1965). This showing requires that the pleadings allege facts which, if true, make the defendant "amenable to process" by use of the longarm statute, and that the record contains proof that the defendant was, in fact, served in the manner the statute requires. *Capitol Brick, Inc. v. Fleming Manufacturing Co.,* 722 S.W.2d 399, 401 (Tex.1986), *on remand,* 734 S.W.2d 405 (Tex.App.—Austin 1987, writ ref'd n.r.e.); *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94, 95–96 (Tex. 1973).

■ Omission of an allegation in the petition that a defendant did not maintain a place of business in Texas is fatal to the judgment. *McKanna,* 388 S.W.2d at 928; *Copystatics, Inc. v. Bourn,* 694 S.W.2d 613, 614 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.); *Public Storage Properties, VII, Ltd. v. Rankin,* 678 S.W.2d 590, 592 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Gourment, Inc. v. Hurley,* 552 S.W.2d 509, 513 (Tex.Civ.App.—Dallas 1977, no writ).

■ Appellees argue that the cases for strict construction of pleadings deal with business transactions rather than with a tort basis for the claim. They point out that the Texas statutes would have allowed service on the Chairman of the State Highway and Public Transportation Commission without allegations concerning agency or business address under Tex.Civ.Prac. & Rem.Code Ann. § 17.062 (Vernon 1986).

■ Service can be perfected pursuant to either statute if the facts alleged in the petition provide a basis for asserting jurisdiction under either statute. *Schaeffer v. Moody,* 705 S.W.2d 318, 320 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). However, plaintiffs must allege facts to bring them within the statute and must comply with the provisions of the statute they elect. *See McKanna,* 388 S.W.2d at 930.

Appellees argue that since no business is involved in the action, there is no reason to infer any business office or agent within the state, and conclude that there is no reason to construe the longarm statute to require the missing allegations. Our Supreme Court rejected a similar argument in *McKanna* at 929.

Appellant also contends that the judgment must be reversed for appellees' failure to comply with the service requirements of Tex.Civ.Prac. & Rem.Code Ann. § 17.045(a) (Vernon 1986), which requires that "a statement of the name and address of the non-resident's home or home office" must be provided to the Secretary of State, who shall then mail a copy of the process.

A plaintiff must strictly comply with the statute authorizing substituted service to effect personal jurisdiction. *Smith v. Commercial Equipment Leasing Co.,* 678 S.W.2d 917, 918 (Tex.1984); *United States on Behalf of the Administrator of the Small Business Association v. Charter Bank Northwest,* 694 S.W.2d 16, 18 (Tex. App.—Corpus Christi 1985, no writ); *Verges v. Lomas & Nettleton Financial Corp.,* 642 S.W.2d 820, 821 (Tex.App.—Dallas 1982, no writ). A certificate of last known address is not sufficient. *See Verges,* 642 S.W.2d at 823.

Since our holding on appellant's first point of error is determinative of this case, it is not necessary to address the remaining seventeen points of error. Tex.R.App.P. 90(a).

■ Although the default judgment must be set aside, appellant has now made

an appearance in this case. The objective of the longarm statute is to extend *in personam* jurisdiction in a manner reasonably calculated to give foreign defendants fair notice and an opportunity to be heard. *Capitol Brick,* 722 S.W.2d at 400. Appellant's appearance to attack the judgment gives personal jurisdiction to the trial court on remand. *See McKanna,* 388 S.W.2d at 930. The judgment of the trial court is REVERSED and the cause REMANDED for trial on the merits.