**Charles H. LOZANO, Appellant,**

**V.**

**HAYES WHEELS INTERNATIONAL, INC., F/K/A Kelsey–Hayes Company, Appellee.**

No. 13–95–237–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 26, 1996.

Rehearing Overruled Nov. 21, 1996.

Hubert L. Stone, Stone & Stone, Nina C. Stone, Corpus Christi, for appellant.

David T. Moran, Jackson & Walker, Dallas, for appellee.

Before DORSEY, CHAVEZ, and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellant, Police Officer Charles H. Lozano, sued Kelsey–Hayes Company, Tradewind Ford Sales, Inc., and Ford Motor Company after the right front wheel of his patrol car fell off while the car was in motion. When Kelsey–Hayes failed to answer, the trial court entered a default judgment against Kelsey–Hayes and awarded damages in the amount of $1.5 million.

The trial court denied Kelsey–Hayes' motion to set aside the default judgment but granted a new trial as to damages. Tradewind Ford Sales, Inc. and Ford Motor Company were nonsuited. The jury awarded damages as follows:

| | | |
|---|---|---|
| Past physical pain to date and mental anguish prior to June 21, 1993. | $ | 20,000.00 |
| Past Loss of earnings | $ | 0.00 |
| Past Physical impairment | $ | 0.00 |
| Past Medical care | $ | 28,442.86 |
| Future Physical pain | $ | 0.00 |
| Future Physical impairment | $ | 0.00 |

The final judgment directed that Lozano's employer, the City of Corpus Christi, as an intervenor asserting subrogation rights, recover the $48,442.86 judgment. The city had paid Lozano's medical expenses and worker's compensation benefits in excess of the amount of judgment.

Lozano complains that the jury's answers were so against the great weight and preponderance of the evidence as to be manifestly unjust. Kelsey–Hayes advances cross-points challenging the default judgment.

## DEFAULT JUDGMENT

By its first cross-point, Kelsey–Hayes contends the trial court erred in rendering a default judgment because the corporation was not properly served. Lozano served Kelsey–Hayes, a Michigan corporation, by long-arm service on the Texas Secretary of State.

Lozano's petition alleged that

> Defendant, Kelsey–Hayes Company, is a private corporation, duly organized and existing in the State of Michigan. Said Defendant is doing business within the State of Texas within the meaning of Article 2031(b), R.C.S., and *has not designated an authorized agent upon whom service of citation may be made.* The Secretary of State may give notice to Kelsey–Hayes Company upon J.J. Garber, 38481 Huron River Drive, Romulus, Michigan 48174, the registered agent in the State of Michigan.

(Emphasis added).[1]

Kelsey-Hayes argues that the facts alleged in the petition were insufficient to make the corporation amenable to substituted service of process.

■■■ A default judgment entered following substituted service is void where there has not been strict compliance with the rules relating to service of citation. *Ashley Forest Apartments v. Almy,* 762 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Houtex Managing Gen. Agency, Inc. v. Hardcastle,* 735 S.W.2d 520, 522 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). No presumptions will be indulged in

favor of the validity of a default judgment. *United States v. Charter Bank Northwest,* 694 S.W.2d 16, 18 (Tex.App.—Corpus Christi 1985, no writ).

■■■ In a default judgment case in which jurisdiction is based on substituted service of process, jurisdiction must affirmatively appear on the face of the record. *McKanna v. Edgar,* 388 S.W.2d 927, 930 (Tex.1965). This showing requires that the pleadings allege facts which, if true, make the defendant "amenable to process" by use of the long arm statute, and that the record contains proof that the defendant was, in fact, served in the manner the statute requires. *Capitol Brick, Inc. v. Fleming Mfg. Co.,* 722 S.W.2d 399, 401 (Tex.1986). In that respect, an omission of an allegation in the petition that a defendant did not maintain a place of business in Texas is fatal to the judgment. *McKanna,* 388 S.W.2d at 928; *Copystatics, Inc. v. Bourn,* 694 S.W.2d 613, 614 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.); *Public Storage Properties, VII, Ltd. v. Rankin,* 678 S.W.2d 590, 592 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Gourmet, Inc. v. Hurley,* 552 S.W.2d 509, 513 (Tex.Civ.App.—Dallas 1977, no writ).

■■■ By his pleadings, Lozano asserted long-arm jurisdiction under section 17.044(a)(1) of the Texas Civil Practice & Remedies Code. Section 17.044(a)(1) provides as follows:

> (a) The secretary of state is an agent for service of process or complaint on a nonresident who:
>
> (1) is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process.

TEX. CIV. PRAC. & REM.CODE § 17.044(a)(1) (Vernon 1986).

We acknowledge that section 17.044(a)(1) contains language that appears suited to the case (e.g., "or engages in business"). Section 17.044(b), however, is more appropriate. Section 17.044(b) provides:

---

1. Article 2031(b) was repealed in 1985 by Acts of the 69th Legislature, ch. 959, § 9(1) and recodi-
fied in part as § 17.044 of the Texas Civil Practice and Remedies Code.

(b) The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

TEX. CIV. PRAC. & REM.CODE § 17.044(b) (Vernon 1986).

Ultimately, the distinction is not terribly important to the outcome of this particular appeal because Lozano did not properly invoke either section.

As noted above, Lozano's allegations were that Kelsey–Hayes had "not designated an authorized agent upon whom service of citation may be made." Without also alleging that the defendant had not designated "or maintained a resident agent for service of process" (i.e. not "an authorized agent"), Lozano's pleadings were insufficient to support the default judgment under the strict standard in *McKanna*. *See McKanna*, 388 S.W.2d at 930 (omission of an allegation in the petition under 17.044(b) that a defendant did not maintain a place of business in Texas is fatal to the judgment); *see also Smith v. Commercial Equip. Leasing Co.*, 678 S.W.2d 917, 918 (Tex.1984)(plaintiff must strictly comply with the statute authorizing substituted service to effect personal jurisdiction); *American Universal Ins. Co. v. D.B. & B., Inc.*, 725 S.W.2d 764, 765 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.)(plaintiff's allegations must be in strict compliance with the language of the statute). Even if Lozano had properly cited section 17.044(b), the allegations in his petition would have been inadequate since they also did not exactly adhere to the language of the statute.

Other courts of appeals have similarly demanded strict incorporation of the exact language of the statute. *See South Mill Mushrooms Sales v. Weenick*, 851 S.W.2d 346, 350 (Tex.App.—Dallas 1993, writ denied)(failure to allege that defendant did not have a regular place of business in Texas indicated a lack of jurisdiction over the defendants); *Onnela v. Medina*, 785 S.W.2d 423, 425 (Tex.App.—Corpus Christi 1990, no writ)(default judgment reversed where petition did not allege

that appellant does not maintain a regular place of business in Texas or have a designated agent for service of process); *Copystatics, Inc. v. Bourn*, 694 S.W.2d 613, 614 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.)(default judgment reversed where petition stated that defendant did not "maintain a registered agent" rather than that defendant did "not maintain a place of business"); *Public Storage Properties, VII, Ltd. v. Rankin*, 678 S.W.2d 590, 592 (Tex.App.—Houston [14th Dist.] 1984, no writ)(default judgment reversed where petition alleges that the appellant "has not maintained a Registered Agent for service of process," rather than that appellant "does not maintain a place of regular business in this State"; pleadings also failed to allege that defendant was a nonresident, that defendant was a corporation, individual, or some other entity); *Gourmet, Inc. v. Hurley*, 552 S.W.2d 509, 513 (Tex.Civ.App.—Dallas 1977, no writ)(default judgment reversed where petition did not allege that defendant had no designated registered agent for service of process in Texas and maintained no regular place of business).

■ Although Lozano amended his pleadings and service following the judgment to correct these mistakes, the case law clearly establishes that an ex post facto amendment cannot supply the necessary allegations on which substituted service was made, because the defendant is entitled to base its decision to answer the suit upon the sufficiency of the statutory allegations in the petition it received. *Copystatics*, 694 S.W.2d at 615 (the fact that plaintiff amended his allegations by trial amendment at the default hearing to comply with statute does not change the result that service was ineffective); *Gourmet*, 552 S.W.2d at 513 (service was ineffective even though an amended petition was filed before default judgment was taken and even though sufficient evidence was offered at the hearing to establish the necessary jurisdictional facts).

We find that Lozano failed to properly invoke jurisdiction under section 17.044. Accordingly, we sustain Kelsey–Hayes' first cross-point. Due to our disposition of appellee's first cross-point, we need not address

the remaining points. TEX. R. APP. P. 90(a).

We REVERSE the trial court's judgment and REMAND for a full trial on liability and damages.