

# NUMBER 13-22-00115-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHARLES DEROUEN, INDIVIDUALLY AND
DEROUEN EXPRESS SERVICES LLC
D/B/A JC EXPRESS SERVICES,                                    Appellants,

v.

EDDIE PRIDGEN, INDIVIDUALLY AND
EDDIE PRIDGEN WELDING LLC,                                    Appellees.

## On appeal from County Court at Law No. 1
## of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

Appellants Charles DeRouen, Individually and DeRouen Express Services LLC

d/b/a JC Express Services (DeRouen Services) appeal from a no-answer default

judgment rendered in favor of appellees Eddie Pridgen, Individually and Eddie Pridgen

Welding LLC (Pridgen Welding). By five issues that we have reorganized, DeRouen and DeRouen Services argue: (1) the trial court's amended default judgment is void; (2) service was defective; (3) the trial court abused its discretion by denying their motion for new trial; (4) Pridgen Welding lacked capacity to bring its claims; and (5) the evidence was insufficient to support the trial court's judgment.

We vacate in part, affirm in part, reverse and remand in part, and reverse and render in part.

## I.  BACKGROUND

On July 14, 2021, Pridgen and Pridgen Welding filed their original petition, alleging claims for relief against DeRouen and DeRouen Services under the theories of breach of contract, sworn account, and quantum meruit. Pridgen and Pridgen Welding attached to the petition: (1) a balance sheet, indicating the total amount of debt owed by DeRouen and DeRouen Services as of July 13, 2021 ($18,830); (2) letters dated December 21, 2020, and June 16, 2021, demanding that DeRouen and/or DeRouen Services pay this outstanding balance; (3) an affidavit signed by Pridgen; (4) a "Land Lease" executed between Pridgen and DeRouen, in their capacities as lessor and lessee, respectively; and (5) judgments and liens entered against DeRouen in other matters. The petition requested personal service on DeRouen at "23434 Pearson Bend Lane, Richmond, Texas 77469, or wherever he can be found." It also requested personal service on DeRouen Services through DeRouen Services' registered agent, Brian W. Rogers, who could be located at "5803 N. John Stockbauer, Suite E, Victoria, Texas, 77904."

2

**A. Substitute Service**

**1. On DeRouen, Individually**

On August 10, 2021, Pridgen filed a motion for substitute service, which stated that "[r]easonably effective notice of the suit" could be given to DeRouen by serving a copy of the petition and order granting substitute service on "anyone 16 years of age or older at the location specified in the attached affidavit." The affidavit attached to the motion was sworn to by Avery Marcus Garrett, who averred that he attempted service on DeRouen at "1402 N. Henry, Cuero, Texas" on "7-22-21" at "9:20 A.M.," "7-26-21" at "11:10 A.M.," and "7-28-21" at "5:05 P.M." However, Garrett checked a box indicating that "[a]fter a duly diligent attempt to serve process on the person or entity at the address listed above, I have been unable to affect process." The following day, the trial court granted Pridgen's motion for substitute service, permitting service on DeRouen by leaving copies of the petition, citation, and order granting substitute service with any person sixteen years old or older, or by affixing copies of the same to the front door at "1402 N. Henry, Cuero, DeWitt County, Texas 77954, a place Charles DeRouen is likely to be found." The court concluded that such a manner of service "will be reasonably effective in giving . . . DeRouen notice of the suit."

A return of the citation was filed on August 18, 2021, and indicated that Garrett delivered a copy of the petition and citation to James Patrick Martin on July 21, 2021, at 9:12 a.m.[1] Additionally, on August 30, 2021, a document entitled "DECLARATION OF NOT FOUND" was filed. In this declaration, Christopher G. Sampa averred that on July

---

[1] The return did not indicate that a copy of the order granting substitute service had been delivered to Martin.

3

19, 2021, he visited 23434 Pearson Bend Lane, Richmond, Texas 77469, and learned from the occupant—DeRouen's sister-in-law—that DeRouen was not presently living there, nor had he ever "really" lived there. That same day, DeRouen's sister-in-law provided Sampa with DeRouen's phone number, and Sampa left a voicemail for DeRouen.

### 2. On DeRouen Services

On September 27, 2021, Pridgen filed another motion for substitute service, claiming that "[r]easonably effective notice of the suit may be given to . . . [DeRouen Services] by having the Texas Secretary of State served as the agent for the entity pursuant to Texas Business Organizations Code [§] 5.251(1)(B)." Attached was an affidavit attested to by Garrett. In the affidavit, Garrett explained that he had attempted to locate Rogers, the registered agent of DeRouen Services, at his place of business, his last known address, and at his parents' residence. Garrett explained that he had "no knowledge of [Rogers's] whereabouts."

The following day, the trial court signed an order granting substitute service. The order permitted service on DeRouen Services by "serving the Texas Secretary of State, as agent, with the citation, with a copy of the petition and a copy of this order attached, at P.O. Box 13697, Austin, Texas 78711-3697." On November 29, 2021, a letter from the Texas Secretary of State was filed, in which the Secretary certified that the citation, petition, and order granting substitute service were received by his office on October 7, 2021. A copy of these documents was then forwarded on October 18, 2021, to 5803 N. John Stockbauer, Suite E, Victoria, TX 77904. The Secretary explained that process "was

4

returned to this office on November 12, 2021, Bearing the Notation, Return to Sender, Not Deliverable as Addressed, Unable to Forward."

## B.    Final Default Judgment

On January 12, 2022, the trial court signed a final default judgment. This judgment recited, "The Court has considered the pleadings and records on file in this cause and the evidence and is of the opinion that judgment should be rendered for Plaintiffs." The judgment granted: (1) $26,430.00 "as the principal amount due"; (2) $7,754.71 "as attorney's fees"; (3) $816.46 "for costs of court"; and (4) post-judgment interest on all of the above at a rate of 5% per annuum until the judgment is paid in full. The judgment also awarded to Pridgen and Pridgen Welding several vehicles and portable buildings, as well as "[a]ll contents in the [p]ortable buildings and on the property left by [d]efendants."

## C.    Motions for New Trial

On January 27, 2022, DeRouen and DeRouen Services filed a motion for new trial. The motion asked that a new trial be granted because: (1) neither DeRouen nor DeRouen Services received actual notice of the suit; (2) DeRouen and DeRouen Services had a meritorious defense, specifically, they contested the amount due under the contract and whether they were proper parties to the lawsuit; and (3) granting a new trial would neither cause delay nor injure Pridgen and Pridgen Welding.

Attached to the motion for new trial was an affidavit signed by DeRouen. According to this affidavit, DeRouen never lived at the 1402 N. Henry address, and Martin did not pass on a copy of the citation or petition to DeRouen. Additionally, DeRouen averred that though "Rogers was the Registered Agent for the LLC, [he] never . . . provided a copy of

the citation or suit to [DeRouen]." DeRouen also explained that he had engaged two separate attorneys to assist him with negotiations with Pridgen; neither of whom informed DeRouen of the pending litigation. Lastly, DeRouen stated,

> Once I discovered there was a lawsuit, I called the [c]ourt clerk's office[,] . . . and the clerk let me know someone was trying to serve [me] with a lawsuit. The clerk told me to wait until I was served with citation, and then to keep calling to see if there's a court date to attend.

DeRouen filed an amended motion for new trial on January 28, 2022, claiming that a new trial should be granted because: (1) "The default was rendered without proper service on Defendants"; (2) "Defendants' failure to appear should be excused"; (3) "It has not been more than 30 days since judgment . . . was rendered"; and (4) "Defendants have a meritorious defense to Plaintiffs' claims." No further detail was included. DeRouen neither mentioned nor attached his prior affidavit or any other sworn document to the motion.

On February 8, 2022, Pridgen and Pridgen Welding filed a response to the amended motion for new trial, claiming that they strictly complied with the rules governing service. The response also provided more detail into why they believed 1402 N. Henry was a proper address for substitute service. For instance, attached to the response was a copy of DeRouen's final decree of divorce that was signed on May 27, 2021, and awarded DeRouen "[a]ny interest the parties have in real property located at 1402 N. Henry, Cuero, Texas."[2]

The court held a hearing on February 15, 2022. No testimony or evidence was presented in support of or opposition to the motion for new trial. However, the court heard

---

[2] This document was not attached to either motion for substitute service.

argument from the parties' attorneys. DeRouen's attorney primarily argued that substitute service was not reasonably calculated to reach DeRouen individually. The trial court denied the amended motion for new trial at the conclusion of the hearing and signed an order to that effect the same day.

**D.    Amended Default Judgment**

DeRouen and Derouen Services filed a timely notice of appeal on March 14, 2022. However, on March 16, 2022, Pridgen and Pridgen Welding filed a motion to amend the default judgment, explaining that they had a "desire to have the original Default Judgment amended to include anticipated reasonable and necessary attorney['s] fees should Plaintiffs prevail in an appeal of this judgment." The motion contended that it was "timely file[d]" and worked to "extend the trial court's plenary power." On April 18, 2022, DeRouen and DeRouen Services filed a response and objection to Pridgen's motion, arguing that the trial court's plenary power had expired and that they objected to any amending of the default final judgment.

The trial court signed an amended default judgment on April 27, 2022. This amended judgment mirrored the language of the original default judgment in all respects save one: it awarded appellate attorney's fees to Pridgen and Pridgen Welding. This appeal followed.

## II.    AMENDED FINAL JUDGMENT

By their first issue, DeRouen and DeRouen Services contend that the trial court lost plenary power to amend its judgment and that the April 27, 2022 amended default judgment should be vacated. Pridgen and Pridgen Welding concede error.

7

**A.      Standard of Review & Applicable Law**

A judgment is void if it was signed after the trial court's plenary power expired. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). "[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012). A trial court's jurisdiction to enter an order is a question of law we review de novo. *In re C.G.*, 495 S.W.3d 40, 43 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied).

"A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed." TEX. R. CIV. P. 329b(a).

> If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

*Id.* R. 329b(e). "[A] motion for new trial filed after a preceding motion has been overruled is not 'timely' for purposes of extending the trial court's plenary power." *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 70 (Tex. 2008) (orig. proceeding).

**B.      Analysis**

Here, the trial court denied DeRouen and DeRouen Services' amended motion for new trial on February 15, 2022. Therefore, the trial court's plenary power over its January 12, 2022 judgment expired on March 17, 2022. *See* TEX. R. CIV. P. 329b(e). Pridgen's motion for amended default judgment, filed on March 16, 2022, did nothing to extend the

trial court's plenary power. *See In re Brookshire Grocery Co.*, 250 S.W.3d at 70. Therefore, because the trial court's plenary power had already expired when it signed its April 27, 2022 judgment, we sustain DeRouen's and DeRouen Services' first issue and declare the April 27, 2022 judgment void. *See State ex rel. Latty*, 907 S.W.2d at 486. Nonetheless, this leaves intact the trial court's January 12, 2022 judgment. *See id.* We will review DeRouen's and DeRouen Services' remaining issues with respect to that judgment.

### III. SERVICE

By their second issue, DeRouen and DeRouen Services argue that the trial court erred by granting a default judgment when substitute service was ineffective.

### A. Standard of Review & Applicable Law

A court obtains jurisdiction over a defendant through valid service of process or through the defendant's appearance. *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991); *see also Dansk Express, LLC v. IPFS Corp.*, No. 01-22-00621-CV, 2023 WL 4937497, at *3 (Tex. App.—Houston [1st Dist.] Aug. 3, 2023, no pet. h.) (mem. op.). "In a default judgment case in which jurisdiction is based on substituted service, jurisdiction must affirmatively appear from the face of the record." *Onnela v. Medina*, 785 S.W.2d 423, 425 (Tex. App.—Corpus Christi–Edinburg 1990, no writ). "We indulge no presumptions in favor of valid issuance, service, or return of citation." *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020). "Accordingly, even if a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service will not stand." *Id.* "[F]ailure to affirmatively show strict compliance with the Rules of Civil

9

Procedure renders the attempted service of process invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). "Virtually any deviation from the statutory requisites for service of process will destroy a default judgment." *Creaven v. Creaven*, 551 S.W.3d 865, 870 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

"Substituted service exists to allow plaintiffs to effect service where proof of actual notice under Rule 106(a) is impractical." *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298 (Tex. 1993). A movant seeking substitute service must support their motion with a statement "listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under [Rule 106(a)] at the location named in the statement but has not been successful." TEX. R. CIV. P. 106(b). If this is satisfied, Rule 106(b)(1) "allows service by leaving a copy of the citation and petition with someone over the age of sixteen at the defendant's place of abode as stated in the affidavit." *Costley*, 868 S.W.2d at 299; *see* TEX. R. CIV. P. 106(b)(1). "[S]ubstitute service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise insufficient." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *see Lewis v. Ramirez*, 49 S.W.3d 561, 564 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.). We review a trial court's order authorizing substitute service de novo. *Furst v. Smith*, 176 S.W.3d 864, 869–70 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

## B. Analysis

### 1. DeRouen, Individually

We first address Pridgen's argument that DeRouen's briefing on this issue is

inadequate and was therefore waived. We construe appellate briefs "reasonably, yet liberally, so that the right to appellate review is not lost by waiver." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam). In his brief, DeRouen explained that "[n]o statement was given as to whether DeRouen lived [at 1402 N. Henry], that Garrett had talked to someone who said he lived there, or any other statement upon which Pridgen could rely that service at said address would be reasonably effective to give DeRouen notice of the suit." DeRouen cites to the clerk's record, Rule 106, and several relevant cases, and—albeit in a separate issue—asks this "[C]ourt to find Pridgen's evidence insufficient to warrant the trial court's authorizing Rule 106b substituted service on anyone over the age of 16 residing at 1402 N. Henry." We construe this argument as a challenge to the evidence supporting the finding that DeRouen could likely be found at this address; therefore, we conclude that this issue is adequately briefed for review. *See id.*

Pridgen argues that he was only required to include "a sworn statement . . . listing a place that is one where the defendant 'can probably be found,' and describing the unsuccessful efforts to serve him personally there" in the affidavit attached to his motion for substitute service. But while the affidavit did contain the dates and times of the service attempts, "it did not contain evidence of probative value that the address was [a] . . . place where the defendant could [probably] be found." *See Coronado v. Norman*, 111 S.W.3d 838, 842 (Tex. App.—Eastland 2003, pet. denied) (citing *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 758–59 (Tex. App.—Dallas 1986, no writ)); *see also Davis v. Martin*, No. 01-07-00831-CV, 2009 WL 350642, at *5 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.) (concluding that substitute service was improper where the

affidavit in support of substitute service did "not state the location of the Davises' usual place of business, usual place of abode, or other place where the Davises can probably be found"). Neither the affidavit nor the motion for substitute service included any facts to support an inference that DeRouen could probably be found at the 1402 N. Henry address.

Although the response to the motion for new trial contained additional information supporting the notion that 1402 N. Henry may be a location where DeRouen could probably be found, that information was not before the trial court at the time it made its decision. Therefore, we cannot consider it when determining whether the motion for substitute service was properly granted. *See, e.g.*, *Hornell Brewing Co. v. Lara*, 252 S.W.3d 426, 429 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("[W]e hold that the better practice is to assess whether the trial court abused its discretion based on the information available to the trial court at the time of the ruling."); *In re A.W.P.*, 200 S.W.3d 242, 245 (Tex. App.—Dallas 2006, no pet.) ("In determining whether the trial court properly granted judgment on the deemed admissions, we consider only the evidence before the trial court at the time it made that decision."); *In re Harvest Cmtys. of Hous., Inc.*, 88 S.W.3d 343, 349 (Tex. App.—San Antonio 2002, orig. proceeding) ("A judgment must take its validity from the action of the court at the time it is rendered and not from what persons may or may not do after the court has rendered the judgment."); *see also* *Martinez v. Hauling 365, LLC*, No. 13-20-00195-CV, 2022 WL 480251, at *2 n.4 (Tex. App.—Corpus Christi–Edinburg Feb. 17, 2022, no pet.) (mem. op.) ("We do not consider these filings as they were not before the trial court when it ruled on Martinez's motion for

12

new trial, the issue on appeal.").

Pridgen also argues that a 2020 revision to Rule 106(b)(1) dispensed with the requirement that a motion for substitute service indicate that the location in question be a place where the defendant may be found. *See* Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103 (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf. The prior version of Rule 106 allowed the location in the statement to be "the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *Id.* The amendment to the rule deleted the first two example locations and instead solely required that the location be "any location where the defendant can probably be found." *Id.*

We are unpersuaded by Pridgen's argument. The comment to the amendment indicates that the rule was changed to incorporate rules regarding electronic service, rather than in response to any concern about what facts must be alleged in an accompanying affidavit, and that other changes to the rule were made primarily for the purpose of clarification. TEX. R. CIV. P. 106 cmt. ("Rule 106 is revised in response to section 17.033 of the Civil Practice and Remedies Code, which calls for rules to provide for substituted service of citation by social media. . . . Other clarifying and stylistic changes have been made."). Generally, a defendant's "usual place of business or usual place of abode" will likely also be "place[s] where the defendant can probably be found." Deleting this superfluous language is consistent with the notion that this modification to the rule was intended primarily for clarification, rather than to make a substantive change. If anything, this alteration cemented the requirement that a movant show that the location

13

in their statement is one where the defendant "can probably be found," rather than any other location.

Because Pridgen's motion for substitute service did not contain any evidence that DeRouen could probably be found at the 1402 N. Henry address, we conclude that the trial court erred by granting substitute service as it pertained to DeRouen individually. We sustain this issue as it pertains to DeRouen individually.[3]

### 2.     DeRouen Services

DeRouen Services focuses its argument on this issue on the fact that the record does not reflect that Rogers, the registered agent, ever actually received service. The facts in this case are nearly identical to those of *Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464 (Tex. 2004) (per curiam), and we are therefore constrained by its holding. In *Cullever*, after several unsuccessful attempts to personally serve the defendant's registered agent, the plaintiffs requested substitute service on the registered agent via the Secretary of State. *Id.* at 465. The trial court granted this request, and the Secretary "subsequently issued a certificate that he had received and forward[ed] a copy of the citation and Second Amended Original Petition . . . by certified mail, which was returned marked 'Attempted—Not Known.'" *Id.* The supreme court "recognize[d] that service of a *defective* citation through substituted service on the Secretary of State could mislead a defendant and lead to an improper default judgment." *Id.* at 466. However, the supreme court acknowledged that the defendant in this case "was not misled here because—as it

---

[3] Because this issue is dispositive, we need not address DeRouen's remaining issues. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

14

had failed to update addresses for its registered agent and registered office—it never received anything the Secretary sent. Accordingly, [the defendant] was negligent in failing to comply with its statutory duties." *Id.* The supreme court held that "[a] certificate like the one here from the Secretary of State *conclusively* establishes that process was served." *Id.*

The same is true here. After multiple attempts to personally serve Rogers, DeRouen Services' registered agent, Pridgen sought to serve the entity through the Secretary of State.[4] Based on the supreme court's holding in *Cullever*, that Rogers never actually received a copy of the citation and original petition is not important. *See id.* Indeed, the supreme court has since held that "to require proof of actual notice upon substituted service would frustrate Rule 106(b)'s purpose . . . ." *Costley*, 868 S.W.2d at 299. What matters is that service was effectuated pursuant to the trial court's order granting substitute service, and DeRouen Services does not dispute that specific issue.[5]

We overrule this issue as it pertains to DeRouen Services.

## IV.    MOTION FOR NEW TRIAL

By its second issue, DeRouen Services argues that the trial court abused its discretion by denying its motion for new trial.

---

[4] DeRouen Services argues that it was in the process of changing its registered agent at the time the Secretary of State attempted to forward service, and it has attached to its brief a document that it contends supports this proposition. However, this document is not part of the appellate record. Therefore, we disregard it. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); *Democratic Schs. Rsch., Inc. v. Rock*, 608 S.W.3d 290, 305 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ("Documents attached as exhibits or appendices to briefs do not constitute formal inclusion of such documents in the record on appeal, and we cannot consider matters outside the record in our review.").

[5] Moreover, the record reflects substitute service was effectuated in compliance with the trial court's order.

15

## A. Standard of Review & Applicable Law

"A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) if the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff." *In re R.R.*, 209 S.W.3d 112, 114–15 (Tex. 2006) (per curiam); *see Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). "The defaulting party has the burden of setting forth facts establishing all three elements of the *Craddock* test." *Action Powersports, Inc. v. 1STEL, Inc.*, 500 S.W.3d 632, 639 (Tex. App.—Texarkana 2016, no pet.). "[C]onclusory allegations are insufficient." *Holt Atherton Indus. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992).

"A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion." *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). "However, a trial court abuses its discretion by not granting a new trial when all three elements of the *Craddock* test are met." *Id.*

## B. Analysis

Here, DeRouen Services initially filed a motion for new trial with an attached affidavit that contained some factual allegations corresponding to elements of the *Craddock* test. However, it then filed an amended motion for new trial that solely contained conclusory language. "The filing of an amended motion for new trial within the time provided by Rule 329b is a matter of right and it would be an abuse of discretion for

16

the court to deny leave for its filing." *Consol. Furniture Co. v. Kelly*, 366 S.W.2d 922, 923 (Tex. 1963). "An amended motion supersedes and supplants the preceding motion." *Ajao v. Hall*, 654 S.W.3d 22, 28 (Tex. 2022) (first citing *W.C. Turnbow Petrol. Corp. v. Fulton*, 194 S.W.2d 256, 259 (Tex. 1946); and then citing *Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 364 (Tex. App.—Houston [14th Dist.] 2014, no pet.)); *see also State v. Seventeen Thousand & No/100 Dollars U.S. Currency*, 809 S.W.2d 637, 639 (Tex. App.—Corpus Christi–Edinburg 1991, no pet.) ("A substituted or amended motion for summary judgment super[s]edes and supplants the previous motion, which may no longer be considered."). Therefore, we may only consider the propriety of the trial court's actions with respect to the amended motion for new trial.[6]

Conspicuously absent from DeRouen Services' amended motion for new trial are any facts to support its conclusory claim that it had "a meritorious defense to Plaintiffs' claims." Because the trial court had no evidence before it that DeRouen Services had a meritorious defense to Pridgen's claims, we conclude that it did not abuse its discretion in denying the amended motion for new trial.[7] *See Reverse Mortg. Funding, LLC v. Robertson*, 599 S.W.3d 52, 56 (Tex. App.—Texarkana 2020, no pet.) (concluding that because no verified allegations of fact accompanied the conclusory statements in its motion for new trial, appellant "failed to establish a prima facie meritorious defense"); *Boyes v. Morris Polich & Purdy, LLP*, 169 S.W.3d 448, 453–54 (Tex. App.—El Paso 2005,

---

[6] The trial court's order signed on February 15, 2022, denies only the amended motion for new trial, and does not mention the original motion for new trial.

[7] Because we hold that the third *Craddock* element was not satisfied, we need not discuss the other two. *See Holt Atherton Indus. v. Heine*, 835 S.W.2d 83 (Tex. 1992).

17

no pet.) ("Conclusory allegations do not satisfy the meritorious defense requirement of *Craddock*."). We overrule this issue.

## V. PRIDGEN WELDING'S STANDING

In the section of its brief addressing the sufficiency of the evidence, DeRouen Services also contends that Pridgen Welding "was not a party to the Land Lease and had no capacity to assert a claim against DeRouen." Pridgen Welding concedes that it "does not have a valid claim for open account, breach of contract, or quantum meruit against" DeRouen or DeRouen Services. It asks us to affirm the default judgment rendered on January 12, 2022, in all respects, "except as to . . . Pridgen Welding."[8] We appreciate what is plainly Pridgen Welding's attempt to deal fairly and honestly. However, "parties to a suit cannot concede a question of law necessary to the proper disposition of a point on appeal." *Jackson Hotel Corp. v. Wichita Cnty. Appraisal Dist.*, 980 S.W.2d 879, 881 n.3 (Tex. App.—Fort Worth 1998, no pet.). Although framed as a question of whether Pridgen Welding had the capacity to bring its claims, we conclude that the issue we must address is one of standing.

### A. Standard of Review & Applicable Law

"Standing is a component of subject matter jurisdiction that courts review de novo." *Sneed v. Webre*, 465 S.W.3d 169, 180 (Tex. 2015). When reviewing standing for the first time on appeal, we "must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

---

[8] Neither party has briefed the issue of standing.

18

"A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001) (cleaned up). "A plaintiff does not lack standing simply because he cannot prevail on the merits of his claim; he lacks standing because his claim of injury is too slight for a court to afford redress." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 305 (Tex. 2008). "A party must have both standing and capacity to bring a lawsuit. And while standing as an issue cannot be waived, capacity can be." *Id.* "To show constitutional standing, a plaintiff must demonstrate that: (1) it suffered a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable decision is likely to redress the injury." *McLane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 912–13 (Tex. 2023).

## B. Analysis

Here, Pridgen Welding did not and does not assert that it suffered any particularized injury-in-fact because of DeRouen and DeRouen Services' actions. *See id.* Indeed, the redress sought by the petition is damages for alleged injuries suffered by Pridgen, not Pridgen Welding. *See Warth v. Seldin*, 422 U.S. 490, 515–16 (1975) (discussing an association's standing to bring a claim on behalf of its members generally); *Farmers Tex. Cnty. Mut. Ins. v. Beasley*, 598 S.W.3d 237, 242 (Tex. 2020) ("Thus, Forth did not claim that Allstate's settlement caused her any injury and therefore she lacked standing to sue."). Therefore, we conclude that Pridgen Welding lacks standing in this

matter, and we dismiss its claims for want of jurisdiction.

## VI.    SUFFICIENCY OF THE EVIDENCE

By its final issue, DeRouen Services argues that the evidence was insufficient to hold it liable for any breach of contract. Specifically, it argues that "Pridgen failed to present any evidence of DeRouen [Services'] consent to be bound by the Land Lease, or that DeRouen's signature on the Land Lease was made in any capacity other than his individual capacity." It also argues that "[t]he only viable cause of action asserted by Pridgen is one for breach of contract."

First, the trial court's judgment does not state which cause of action it found meritorious; it simply states that "judgment should be rendered for Plaintiffs." DeRouen Services does not explain why Pridgen only having one viable cause of action "probably caused the rendition of an improper judgment," and because such a conclusion is not supported by the record, we must overrule it. *See* TEX. R. APP. P. 44.1(a)(1).

Second, "the non-answering party in a no-answer default judgment is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012); *see Dodd v. Savino*, 426 S.W.3d 275, 292–93 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("If the facts set forth in the petition allege a cause of action, the default judgment conclusively establishes the defendant's liability. . . . Consequently, appellants are precluded from asserting a challenge to the sufficiency of the evidence."). "The defendant's default thus establishes liability, but a trial may still be necessary if the plaintiff's damages are unliquidated." *Paradigm Oil*, 372

20

S.W.3d at 183.

DeRouen Services does not challenge the sufficiency of the pleadings or unliquidated damages, but instead challenges the sufficiency of the evidence to reverse-pierce the corporate veil. "Alter ego, or piercing the corporate veil, is not an independent cause of action, but is instead a means of imposing liability for the underlying cause of action." *Dodd*, 426 S.W.3d at 291. DeRouen Services, having failed to file an answer prior to a valid default judgment, cannot now challenge the sufficiency of the evidence to establish liability. *See id.* at 292; *Paradigm Oil*, 372 S.W.3d at 183; *see also Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984) ("[I]f the facts set out in the petition allege a cause of action, a default judgment conclusively establishes the defendant's liability.").

We overrule DeRouen Services' final issue.

## VII. CONCLUSION

We vacate the trial court's amended default judgment signed on April 27, 2022. We reverse and remand the January 12, 2022 judgment as it pertains to DeRouen individually. We reverse and render judgment dismissing Pridgen Welding's claims for want of jurisdiction. We affirm the trial court's January 12, 2022 judgment only as it pertains to the judgment rendered in favor of Pridgen and against DeRouen Services.

GINA M. BENAVIDES
Justice

Delivered and filed on the
9th day of November, 2023.

21